## PETER GARNER v. THE STATE.

No. 2775. Decided December 9, 1903.

**1.—Murder in First Degree—Charge—Responsibility.**

Upon a trial for murder, while the charge of the court upon the responsibility of accused for and as being the direct cause of the death of deceased is in harmony with approved precedents, it is suggested that upon another trial of the case the court should give a charge more directly applying the law on the subject of responsibility to the facts of the case.

**2.—Same.**

The court should have instructed the jury that if they believed that the death of deceased was hastened on account of the wound inflicted (deceased at the time being afflicted with an incurable disease) or the operation performed, or by the anaesthetics administered, or by one or all of these, appellant would be responsible, unless they believed that said death was caused by manifest neglect, etc., of the physicians and attendants on deceased after he was shot; but if they did so believe, he was not responsible.

**3.—Manslaughter—Adequate Cause—Charge.**

In defining manslaughter, the court properly told the jury that an assault and battery by deceased causing pain or bloodshed is deemed adequate cause; but subsequently, in applying the law to the facts, he coupled the two clauses by the conjunction "and," thus requiring the jury to believe that both pain and bloodshed must occur. Held error; and, under the facts of this case, was equivalent to telling the jury there was no manslaughter in the case.

**4.—Charge of Court—Self-Defense.—Evidence.**

Where the court, in its charge on self-defense, only authorized defendant to defend against an attack by "deceased and another, or others," and nowhere authorized a defense against deceased alone, and the evidence shows an attack by deceased alone at the time the shot was fired; Held error, if deceased was assaulting appellant, and appellant reasonably believed his life was in danger, he had a right to shoot him. But the charge predicated on assault by deceased and others should also have been given in order to protect every phase of defendant's rights.

**5.—Murder—Manslaughter—Evidence.**

The parties being strangers to each other, and no former grudge existing between them, the evidence showing a casual difficulty arising on the spur of the moment, it is held appellant might be guilty of murder in the second degree or manslaughter, but not of murder in the first degree.

Appeal from the Criminal District Court of Galveston. Tried below before Hon. J. K. P. Gillaspie.

Appeal from a conviction of murder in the first degree; penalty, death.

The indictment charged appellant with murder in the first degree, committed on the person of one Franz Borning, in Galveston County, Texas, of the 20th of December, 1902.

This is the second appeal in this case; the former appealed case will be found reported in 44 Texas Criminal Reports, 572. That case is hereby referred to for a statement of the facts, which are substantially the same as on this appeal.

*Marsene Johnson* and *Aubrey Fuller,* for appellant.—The first portion of the charge complained of herein recites: "Should you believe from the evidence that at the time of said killing the defendant was being assaulted by the deceased and others." We insist that it did not make any difference in this case whether the "others" spoken of by the court were assaulting or had assaulted the defendant or not; the test should have been, did the jury believe that defendant had been or was then being assaulted by the deceased, regardless of whether or not another person or other persons were assisting deceased in said assault or assaults. Especially should this portion of the charge be scrutinized closely when we look to the evidence in the case, the testimony on the part of the State showing only an assault by the deceased alone, while the testimony for the defense showed an assault committed by the deceased and another or other persons; the jury are thus told by the judge's charge that even if they find from the testimony of the State that the deceased alone was making an assault, they could not reduce the homicide to manslaughter unless they believed further that the deceased and others were making or had made assaults upon the defendant. We believe that the error here complained of as injurious to appellant is too plain for further argument.

We again submit that defendant had a right to defend himself from the attack of deceased alone, regardless of whether or not deceased was assisted by one or two persons, and again do we insist that this error is especially prejudicial and harmful to defendant in view of the conflict of testimony as to whether deceased singly or aided by others made assaults upon defendant both before and at the time of the shooting. Sowell's case, 32 Texas Crim. Rep., 498; White v. State, 30 Texas Crim. App., 652.

*Howard Martin,* Assistant Attorney-General, for the State.—If the person would have died from some other cause already operating, yet if the wound hastened the termination of life, this is enough; and the wound need not even be the concurrent cause, much less need it be the necessary proximate one, for if it is the cause of the cause no more is required. 2 Bishop Crim. Law, sec. 680; Powell v. State, 13 Texas Crim. App.,

244; Hart v. State, 15 Texas Crim. App., 202; Morgan v. State, 16 Texas Crim. App., 593; Franklin v. State, 41 Texas Crim. Rep., 21.

HENDERSON, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at death; hence this appeal.

This is the second appeal, appellent having been convicted in the lower court once before and the case reversed. Garner v. State, 7 Texas Ct. Rep., 403. The facts appearing in this record are substantially the same as on the former appeal.

Appellant excepted to the charge of the court as to his responsibility for the homicide, and he requested a special instruction on this subject. We have examined the court's charge on this subject, and the general principles announced appear to be in harmony with. the decisions of this court. Powell v. State, 13 Texas Crim. App., 244; Hart v. State, 15 Texas Crim. App., 202; Morgan v. State, 16 Texas Crim. App., 593; Franklin v. State, 41 Texas Crim. Rep., 211. However, in view of another trial, the court should give a charge more directly applying the law on the subject to the facts of the case. The theory of the State was that, although the proof showed deceased was suffering from acute nephritis, an acute form of Bright's disease, the operation on his arm and extracting the bone, together with the administration of an anaesthetic while the operation was performed, had the effect of hastening the death of deceased. Appellant's theory was that deceased did not die nor was his death hastened on account of the wound or on account of the operation and administration of the anaesthetic, but he died solely on account of the disease with which he was afflicted before and at the time he was shot. So that the court should have instructed the jury directly upon these two theories; that is, if the death of deceased was hastened on account of the wound afflicted or on account of the operation, or on account of the anaesthetic administered, or because of one or all of these, appellant would be responsible for the homicide unless the jury should believe that the death was attributable to manifest negligence, etc., of the physicians or attendants of deceased. On the other hand, if the jury believed that the death of deceased was not hastened by the wound or by the operation, or by the administration of the anaesthetic, one or all of these, and deceased died alone on account of the disease with which he was afflicted at the time he was shot then appellant would not be responsible for the homicide, or if deceased died from manifest neglect of his attendants, etc., appellant would not be responsible for his death.

On the former appeal the case was mainly reversed on account of the failure of the court below to charge on manslaughter, the court observing, after recounting some of the testimony, as follows: "We have stated enough of the evidence to make it apparent that manslaughter was decidedly an issue in this case." As stated before, the facts here connected with the homicide are substantially the same as on the former

trial. However, the court here did charge on manslaughter, but he left appellant in a worse condition than if the court had not attempted to give him the benefit of such a charge. In defining manslaughter, the court correctly told the jury that an assault and battery by deceased causing pain or bloodshed is deemed adequate cause; but subsequently, in applying the law to the facts, the learned judge coupled these two causes by the conjunction "and," and required the jury to believe that both pain and bloodshed must concur on account of the assault before appellant could claim the benefit of adequate cause so as to reduce the homicide to the grade of manslaughter. Perhaps if there was no controversy that deceased by his assault on appellant inflicted both pain and bloodshed, the charge might be without error; still it would be the better practice to afford appellant both or either of said causes. But an examination of the record here fails to disclose that any bloodshed occurred, or that any blood was drawn from appellant by means of the assault. We believe nearly all of the eyewitnesses agree in the statement that deceased made an assault on appellant and struck him before appellant fired any shot. For the court to tell the jury under such circumstances that both pain and bloodshed must concur was equivalent to telling the jury that there was no manslaughter in the case, inasmuch as no witness had stated that any blood was drawn from appellant. Hardy v. State, 37 S. W. Rep., 737; and for other authorities see White's Ann. P. C., sec. 1202.

Appellant also complains of the court's charge on self-defense, insisting that the court charged but one theory of the case of self-defense; that is, before appellant would be authorized to defend himself he must believe that deceased or another or others were engaged in the assault on him, whereas he contends that there is a phase of the case presented by the State's witnesses to the effect that only deceased was assaulting appellant at the time the shot was fired. We have examined the court's charge on this subject, and we believe the effect of it was to deny appellant the benefit of a charge on self-defense if the jury believed that only the deceased was making the assault on him at the time the shot was fired, inasmuch as the only charge given by the court on this subject authorized him to defend against an assault made by deceased and another or others, and nowhere is there any charge given by the court authorizing appellant to defend against an assault made on him by deceased alone. All the testimony by appellant's witnesses is to show an assault being made on him by deceased and one or two other persons, but the effect of the testimony on the part of the State tended strongly to show that only deceased was engaged in the assault on appellant at the time the shot was fired. The jury might have believed from this presentation of the case that appellant would have no right to defend himself and fire the shot if only deceased was engaged in the assault on him. It occurs to us that the charge is subject to the vice complained of. The jury evidently were disposed to believe the State's theory

throughout, and were more likely to believe the State's witnesses on the matter of assault by deceased than defendant's witnesses; consquently they should have been distinctly told that, if deceased was assaulting appellant at the time in such manner as to cause him to reasonably believe his life was in danger or he was in danger of serious bodily injury, he had a right to shoot. Of course, the charge as given by the court predicated on assault by deceased and others should also have been given in order that appellant's rights on every phase of the case should have been amply protected.

Appellant strongly urges that the evidence here does not sustain the conviction, and he asks for an expression of the court on that subject. On the former trial we said that the issue of manslaughter was decidedly an issue in the case, and we say now that under the evidence in this case appellant might be guilty of murder in the second degree or manslaughter. The parties were strangers to each other, consequently no former grudge existed between them; the evidence all shows it was a casual difficulty, arising on the spur of the moment, and we do not believe the record before us discloses a case of murder in the first degree.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*